UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT CHMIELOWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21 C 5432 |
| | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE | ) | |
| OFFICER GERALDO MADRIGAL, and | ) | |
| HORACE MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Scott Chmielowicz brings this lawsuit against defendants the City of Chicago, Chicago Police Officer Geraldo Madrigal, and former Chicago Police Officer Horace Miller alleging constitutional and state law claims. Before the Court are the City's and Officer Madrigal's motion to dismiss, along with Miller's motion to dismiss, both brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part and denies in part defendants' motions.

**Background**

In his amended complaint, which defendants removed from state court under 28 U.S.C. §§ 1441, 1446, Chmielowicz alleges that on September 26, 2019, he was riding his bicycle in a designated bicycle lane near 1034 North Milwaukee Avenue in Chicago. At that time, defendant Miller was in a car in the designated bicycle lane and then merged without warning into the traffic lane on North Milwaukee Avenue. By doing so, Miller collided with Chmielowicz causing him to crash his bicycle resulting in personal injuries requiring medical attention.

Thereafter, Officer Madrigal responded to the scene of the collision and completed a traffic crash report. He issued four traffic citations to Chmielowicz. When investigating the crash, Officer

Madrigal did not speak to Chmielowicz or any other witnesses except Miller. Chmielowicz alleges that there was no legal or factual basis for the four traffic citations issued. He also alleges that Miller and Officer Madrigal conspired to falsely report the collision and charge Chmielowicz with the traffic citations so that Miller, a former Chicago Police Officer, would not have to face criminal or civil liability for the collision.

In his amended complaint, Chmielowicz alleges a negligence claim against Miller (Count I), a Fourteenth Amendment Equal Protection claim against Miller and Officer Madrigal (Count II), a Fourth Amendment claim against Miller and Officer Madrigal (Count III), a conspiracy claim against Miller and Officer Madrigal (Count IV), a malicious prosecution claim against Miller (Count V), and an indemnification claim against the City (Count VI).

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). When ruling on a Rule 12(b)(6) motion, the Court can only review "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Kuebler v. Vectren Corp.*, 13 F.4th 631, 636 (7th Cir. 2021) (citation omitted).

**Discussion**

The Court starts with Miller's motion to dismiss, in which he does not challenge Chmielowicz's negligence allegations, but instead argues he is not a state actor for purposes of

2

Chmielowicz's constitutional claims against him in Counts II, III, and IV. To bring a constitutional

claim under 42 U.S.C. § 1983, a plaintiff must show (1) the alleged misconduct was committed by a

person acting under the color of state law, and (2) the state actor's conduct deprived plaintiff of his

rights, privileges, or immunities secured by the United States Constitution or federal law. *See*

*DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022). In general, "[t]o plead that a defendant

acted under color of state law, a § 1983 plaintiff must allege that a defendant's invocation of state

authority in one way or another facilitated or enabled the alleged misconduct." *Id.* at 1161. The

theory of conspiracy provides an exception to the state actor requirement, namely, "if a private actor

conspires with a state actor to deprive someone's constitutional rights, the private actor may be

subject to a § 1983 suit." *Alarm Detection Sys., Inc. v. Village of Schaumburg*, 930 F.3d 812, 825 (7th Cir.

2019). To bring a § 1983 conspiracy claim, a plaintiff must allege (1) the individuals reached an

agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance of the

agreement deprived plaintiff of those rights. *Daugherty v. Page*, 906 F.3d 606, 612 (7th Cir. 2018).

Chmielowicz's conspiracy claim is based on Miller's and Officer Madrigal's alleged

agreement to wrongfully blame him for the crash caused when Miller illegally merged into traffic and

collided with Chmielowicz. The alleged goal of the conspiracy was for Miller to avoid criminal or

civil liability for the collision he caused. In their motions, defendants argue that Chmielowicz's

conspiracy allegations are insufficient because he failed to elaborate on the specific details involving

the various parties at the time of the collision. Unlike the allegations in *Thomas v. City of Blue Island,*

178 F.Supp.3d 646 (N.D. Ill. 2016), which both Miller and Chmielowicz cite in their briefs, the

conspiracy allegations in the present lawsuit are simple and straight-forward. Viewing the allegations

and inferences in Chmielowicz's favor, there were only two actors involved, Officer Madrigal and

Miller, who came to an agreement concerning the cause of the collision. They acted overtly on this

conspiracy by Miller providing misinformation to Officer Madrigal, after which Officer Madrigal

filed a false traffic crash report implicating Chmielowicz. In short, Miller and Officer Madrigal attempted to cover-up Miller's culpability in causing the accident. Under these facts, Chmielowicz alleges that his Equal Protection rights were violated. He has thus plausibly alleged a conspiracy claim under § 1983. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

Turning to Chmielowicz's Equal Protection claim alleged in Count II, defendants argue he has failed to sufficiently allege his claim because he does not state he is a member of a protected class. Defendants' argument is misplaced because Chmielowicz is bringing a class-of-one Equal Protection claim, and thus he need not allege that he is a member of a protected class. *See 145 Fisk, LLC v. Nicklas*, 986 F.3d 759, 771 (7th Cir. 2021). "The classic class-of-one claim is illustrated when a public official, 'with no conceivable basis for his action other than spite or some other improper motive … comes down hard on a hapless private citizen.'" *Frederickson v. Landeros*, 943 F.3d 1054, 1060 (7th Cir. 2019) (citation omitted). In addition, "it is not always necessary to find a similarly situated person" to bring a class-of-one claim. *Id.* at 1062. "If animus is readily obvious, it seems redundant to require that the plaintiff show disparate treatment in a near exact, one-to-one comparison to another individual." *Swanson v. City of Chetek*, 719 F.3d 780, 784 (7th Cir. 2013). This animus need not be discriminatory animus directed at a protected class, but includes allegations of improper conduct, animosity, malice, harassment, or vindictiveness, *see id.* at 784-85, along with arbitrary or unjustified exercises of governmental power. *Fredrickson*, 943 F.3d at 1062.

Chmielowicz has plausibly stated an Equal Protection class-of-one claim by alleging that Officer Madrigal filed a false crash report that Chmielowicz violated traffic laws and caused the crash with Miller. According to Chmielowicz, Officer Madrigal used his police powers for an improper purpose, namely, protecting a former Chicago Police Officer from culpability. He also

alleges that Miller and Officer Madrigal falsely accused him of violating the law and aimed to cover-up Miller's culpability. Viewing his allegations and all reasonable inferences in his favor, Chmielowicz asserts that Miller and Officer Madrigal singled him out and that their actions lacked a rational basis because of the defendants' improper, if not malicious, motives, along with their false accusations against him to cover-up Miller's misconduct. Under these facts, Chmielowicz has overcome the presumption of rationality that applies to government actions. *See, e.g., Muczynski v. Lieblick*, No. 10 C 0081, 2012 WL 5470738, at *4 (N.D. Ill. Nov. 8, 2012) (Darrah, J.); *Ivy v. Powers*, No. 08 C 3826, 2009 WL 230542, at *5 (N.D. Ill. Jan. 30, 2009) (Kendall, J.). Thus, Chmielowicz's allegations state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 (a complaint is plausible on its face when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court denies defendants' motions to dismiss Chmielowicz's Equal Protection claim as alleged in Count II.

Next, defendants contend Chmielowicz has failed to sufficiently allege his Fourth Amendment claim in Count III because he was never "seized" for Fourth Amendment purposes. To clarify, under the Fourth Amendment, a seizure of a person can take the form of physical force or a show of authority that restrains the liberty of a person. *Torres v. Madrid*, 141 S.Ct. 989, 995, 209 L.Ed.2d 190 (2021). In his response brief, Chmielowicz argues that he was "seized" because he was required to attend a court hearing on his traffic violations. The Seventh Circuit, however, has held that summons to court, alone, does not equal a seizure for Fourth Amendment purposes. *Smith v. Chicago,* 3 F.4th 332, 341 (7th Cir. 2021); *Bielanski v. County of Kane*, 550 F.3d 632, 642 (7th Cir. 2008). "To hold otherwise would transform every traffic ticket and jury summons into a potential Section 1983 claim." *Bielanski*, 550 F.3d at 642; *see also Mitchell v. City of Elgin*, 912 F.3d 1012, 1017 (7th Cir. 2019) ("Converting every traffic ticket into a nascent Fourth Amendment claim strikes us as an aggressive reading of the constitutional text."). The legal question of whether a summons to court

amounts to a Fourth Amendment seizure, however, is in flux because the Supreme Court granted

certiorari in relation to *Smith v. Chicago* on April 18, 2022, at which time it vacated the judgment and

remanded the matter to the Seventh Circuit in light of *Thompson v. Clark*, 142 S.Ct. 1332 (2022).

Because of this uncertainty, Chmielowicz admits that he is bringing this claim to preserve it pending

appellate resolution of this issue.  The Court therefore grants defendants' motion and dismisses

Chmielowicz's Fourth Amendment claim without prejudice.

Examining the Illinois malicious prosecution claim against Miller, Chmielowicz must

eventually show "(1) the commencement or continuance of an original criminal or civil judicial

proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the

absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting

to the plaintiff."  *Lund v. City of Rockford, Ill.*, 956 F.3d 938, 949 (7th Cir. 2020) (quoting *Swick v.

Liautaud*, 169 Ill.2d 504, 215 Ill.Dec. 98, 662 N.E.2d 1238, 1242 (Ill. 1996)).

In his motion, Miller argues Chmielowicz's claim must fail because he cannot establish that

the termination of the traffic tickets was indicative of his innocence under the second malicious

prosecution element.  Taking judicial notice of the Circuit Court of Cook County's Certified

Statements of Disposition, the Circuit Court dismissed the traffic violations for failure to prosecute

on November 4, 2021.  Under Illinois law, the failure to prosecute is a "favorable termination" for

malicious prosecution purposes.  *See Selby v. O'Dea*, 156 N.E.3d 1212, 1232, 441 Ill.Dec. 463, 483,

2020 IL App (1st) 181951, ¶ 100 (1st Dist. 2020); *Cult Awareness Network v. Church of Scientology Int'l*,

177 Ill. 2d 267, 279-80, 226 Ill.Dec. 604, 685 N.E.2d 1347 (1997) (adopting Restatement (Second) of

Torts § 674).  Miller's first argument is unavailing.

Miller further asserts that he did not commence the prosecution of the traffic charges against

Chmielowicz, as required under the first malicious prosecution element.  Under Illinois law, "a

person can be liable for commencing or continuing a malicious prosecution even if that person does

not ultimately wield prosecutorial power." *Beaman v. Freesmeyer*, 131 N.E.3d 488, 499, 433 Ill.Dec. 130, 141, 2019 IL 122654, ¶ 43 (Ill. 2019). "Liability thus depends on whether the defendant was actively instrumental in causing the prosecution, and the presumption of prosecutorial independence can be overcome by showing that the defendant improperly exerted pressure on the prosecutor, knowingly provided misinformation to him or her, concealed exculpatory evidence, or otherwise engaged in wrongful or bad-faith conduct instrumental in the initiation of the prosecution." *Id.* (citation omitted).

In his amended complaint, Chmielowicz alleges his traffic charges were based on Miller's false version of the events that blamed him and shielded Miller from liability. Put differently, Miller, the complaining witness, gave false information to Officer Madrigal, and "when a citizen *knowingly* gives false information to a police officer, who then swears out a complaint, the officer's action may be attributed to the citizen." *Randall v. Lemke*, 726 N.E.2d 183, 185, 244 Ill.Dec. 587, 589, 311 Ill.App.3d 848, 850 (2d Dist. 2000) (emphasis in original). As such, Chmielowicz's complaint gives "enough details about the subject-matter of the case to present a story that holds together," and therefore, survives Miller's motion to dismiss. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The Court denies Miller's motion to dismiss Count V.

As to Chmielowicz's indemnification claim against the City in Count VI, because he has sufficiently alleged a constitutional claim against Officer Madrigal, in which the officer was acting within the scope of his employment, the indemnification claim stands.

On a final note, the Court reminds the parties that arguments made for the first time in reply briefs are waived. *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021).

**Conclusion**

For these reasons, the Court grants in part and denies in part defendants' motions to dismiss [17, 19]. The Court also grants defendant Miller's motion to strike ¶¶ 22-24 of the amended

7

complaint because these allegations are immaterial and inflammatory under Federal Rule of Civil Procedure 12(f).

**IT IS SO ORDERED.**

Date: 4/27/2022

Entered:

SHARON JOHNSON COLEMAN
United States District Judge